UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DOUBLE R & J TRUCKING SERVICE, INC.,**<br>    **Plaintiff** | **CIVIL ACTION** |
| **VERSUS** | **NO. 14-2234** |
| **PATTON INSTALLATIONS OF FLORIDA, L.L.C., et al.,**<br>    **Defendants** | **SECTION "E"** |

## ORDER

Before the Court are (1) a Motion for Partial Summary Judgment filed by Defendants Clark Construction Enterprises, L.L.C. ("Clark") and Hartford Accident and Indemnity Company ("Hartford"),[1] and (2) a Motion for Summary Judgment filed by Defendant Hamp's Construction, L.L.C. ("Hamp's").[2] The Court has reviewed the briefs, the record, and the applicable law, and now issues this Order.

## BACKGROUND

This suit arises out of two levee repair projects for the United States Army Corps of Engineers. Defendant Hamp's was awarded Contract P-17A to perform certain levee repairs ("Project 1"). Hamp's subcontracted to Defendant Clark to perform portions of Project 1. Additionally, Clark was awarded Contract WBV-MRL 3.2 to perform certain levee repairs ("Project 2"). Pursuant to the contract for Project 2, Clark procured a surety bond and/or payment bond from Defendant Hartford whereby Hartford guaranteed payment to all subcontractors should Clark or its subcontractors fail to pay for work performed under Project 2.

---

[1] R. Doc. 8.
[2] R. Doc. 9.

1

Clark subcontracted portions of the work for Project 1 and Project 2 to Defendant Patton Installations of Florida, L.L.C. ("Patton"). Patton then hired Plaintiff Double R & J Trucking Service, Inc. ("Double R & J") to perform trucking services on Project 1 and Project 2. Double R & J claims the Defendants have failed to pay it for services rendered on Project 1 and Project 2 totaling $59,964.62. Double R & J filed suit against Defendants Patton, Clark, Hamp's, and Hartford asserting claims for open account, breach of contract, payment under the Miller Act, penalties under the Louisiana Prompt Payment Act, and unjust enrichment.[3]

On December 3, 2014, Defendants Clark and Hartford filed a motion for partial summary judgment,[4] and Defendant Hamp's filed a motion for summary judgment.[5] On December 16, 2014, default was entered by the Clerk of Court against Defendant Patton, as provided in Rule 55(a) of the Federal Rules of Civil Procedure.[6]

## STANDARD OF LAW

Rule 56(a) of the Federal Rules of Civil Procedure directs the court to "grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[7] A fact is "material" if it may affect the outcome of the action, and a dispute is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving

---

[3] R. Doc. 1. Although not addressed by either party, the Miller Act provides that suits must be brought "in the name of the United States for the use of the person bringing the action." 40 U.S.C. § 3133(b)(3)(A). Plaintiff has not done so in this case. Courts have said that this failure, however, is, "'at the worst, a mere formal irregularity, and should not affect either the jurisdiction of the court or the merits of the controversy.'" *Blanchard v. Terry & Wright, Inc.,* 218 F.Supp. 910, 913 (W.D. Ky. 1963) (quoting *United States ex rel. Maxwell v. Barrett,* 135 F. 189, 191 (C.C.N.D. Cal. 1905)), *aff'd,* 331 F.2d 467 (6th Cir. 1964). *See also Safe Env't of Am., Inc. v. Employers Ins. of Wausau,* 278 F. Supp. 2d 121, 123 (D. Mass. 2003); *Hendry Corp. v. Am. Dredging Co.,* 318 F.2d 299, 301 (5th Cir. 1963).
[4] R. Doc. 8.
[5] R. Doc. 9.
[6] R. Doc. 11. To date, no motion for default judgment has been filed.
[7] Fed. R. Civ. P. 56(a). *See also Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23 (1986).

party.[8]

When assessing whether a material factual dispute exists, the Court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence."[9] All reasonable inferences must be drawn in favor of the non-moving party,[10] but "unsupported allegations or affidavits setting forth ultimate or conclusory facts and conclusions of law are insufficient to either support or defeat a motion for summary judgment."[11] There is no genuine dispute of material fact if, even viewing the evidence in the light most favorable to the nonmoving party, no reasonable trier of fact could find for the nonmoving party, thus entitling the moving party to judgment as a matter of law.[12]

## LAW AND ANALYSIS

Defendants Clark, Hartford, and Hamp's seek summary judgment with respect to Double R & J's claims against them for open account, breach of contract, violations of the Louisiana Prompt Pay Act, and unjust enrichment.[13] They contend that because there is no contract between Double R & J and Clark, Hartford, or Hamp's, Double R & J cannot maintain open account, breach of contract, or Louisiana Prompt Pay Act claims against them.[14] Further, because a remedy of law exists for Double R & J to recover any unpaid amounts it may be owed, they contend Double R & J cannot maintain claims against them for unjust enrichment.[15] Thus, Clark, Hartford, and Hamp's seek dismissal

---

[8] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).
[9] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398 (5th Cir. 2008). See also *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150–51 (2000).
[10] *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).
[11] *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985) (internal quotation marks and citation omitted).
[12] *Smith v. Amedisys, Inc.*, 298 F.3d 434, 440 (5th Cir. 2002).
[13] R. Doc. 8; R. Doc. 9.
[14] R. Doc. 8-1, p. 1; Doc. 9-1, p. 1.
[15] R. Doc. 8-1, p. 1; Doc. 9-1, p. 1.

of Double R & J's open account, breach of contract, Louisiana Prompt Pay Act, and unjust enrichments claims, with prejudice.[16] Hamp's also argues Double R & J's claim against it under the Miller Act should be dismissed, with prejudice, "because Double R & J is a third-tier subcontractor to Hamp's . . . and cannot maintain a claim under the Miller Act against Hamp's."[17]

### A.   Open Account and Breach of Contract Claims

Clark, Hartford, and Hamp's seek dismissal of the open account and breach of contract claims asserted against them. Double R & J's opposition to both motions states that "a reading of the Complaint indicates that the open account claim and breach of contract claim are only alleged against Patton."[18] Although Plaintiff contends the Complaint is clear and the motions for summary judgment should be denied, presumably as moot, the Court finds the Complaint to be vague and will rule on the motions for summary judgment.

All parties agree and the Court finds that, because there is no contract between Double R & J and Clark, Hartford, or Hamp's, Double R & J does not have an action against them under Louisiana law based on open account or breach of contract. Furthermore, Double R & J has clarified it is not asserting open account or breach of contract claims against Clark, Hartford, or Hamp's, and in effect does not oppose the motions for summary judgment with respect to these claims. Therefore, there are no factual disputes, and the motions for summary judgment are granted with respect to the open account and breach of contract claims against Clark, Harford, and Hamp's.

---

[16] R. Doc. 8-1, pp. 1–2; Doc. 9-1, p. 1.
[17] R. Doc. 9-1, p. 1.
[18] R. Doc. 12, p. 3.

4

**B. Miller Act Claim**

The motion for summary judgment filed by Hamp's seeks dismissal of the Miller Act claim asserted against it. Double R & J's opposition states that "Double R & J has not sought to recover against Hamp's under the Miller Act."[19] Double R & J does not have a cause of action against Hamp's under the Miller Act.[20] In effect, Double R & J does not oppose the motion for summary judgment with respect to this claim. Therefore, there are no factual disputes as to this claim, and the motion for summary judgment filed by Hamp's is granted with respect to the Miller Act claim asserted against it.

**C. Louisiana Prompt Pay Act Claim**

Clark, Hartford, and Hamp's seek dismissal of the Louisiana Prompt Pay Act claims asserted against them. Double R & J states it "has not sought to recover against Hartford under the Louisiana Prompt Pay Act."[21] In effect, Double R & J does not oppose Hartford's motion for summary judgment with respect to this claim against Hartford. As there are no facts in dispute and the Court finds Hartford is entitled to judgment as a matter of law, Hartford's motion is granted with respect to the Louisiana Prompt Pay Act claim asserted against it.

Double R & J is asserting claims for violations of the Louisiana Prompt Pay Act against Clark and Hamp's.[22] Clark and Hamp's argue any claims under the Louisiana

---

[19] *Id.*

[20] Whereas a second-level subcontractor (a sub-subcontractor) has a cause of action on a Miller Act bond, a third-level subcontractor (a sub-sub-subcontractor) is considered too remote to be entitled to recover under the Miller Act. *See U. S. for Use of Powers Regulator Co. v. Hartford Acc. & Indem. Co.*, 376 F.2d 811, 811–12 (1st Cir. 1967); *Faerber Elec. Co. v. Atlanta Tri-Com, Inc.*, 795 F. Supp. 240, 243 (N.D. Ill. 1992). Double R & J is a third-level subcontractor with respect to Project 1 and a second-level subcontractor with respect to Project 2. Thus, the only Miller Act claim at issue in this case relates to Project 2.

[21] R. Doc. 12, p. 4.

[22] *Id.*

Prompt Pay Act must be dismissed as a matter of law because they did not owe a duty to pay Double R & J. They contend they did not have an agreement or contract with Double R & J; rather, it was Patton's duty to pay Double R & J.[23] Double R & J responds stating: "Under the plain language of the Louisiana Prompt Pay Act, the contractors (Clark and Hamp's) are required to pay the subcontractor (Double R & J) within 14 days of receipt of payment."[24] Double R & J contends there is no requirement that it have a written contract with Clark and Hamp's to assert such a claim against them, and because Clark, Hamp's, and Patton all received payment from the owner, they all have violated the Louisiana Prompt Pay Act as Double R & J has not been fully compensated for its work on the projects.[25]

> The Louisiana Prompt Pay Act provides, in relevant part:
>
> A. When a *contractor* receives any payment from the *owner* . . . , the *contractor* shall promptly pay such monies received to each *subcontractor* and *supplier* in proportion to the percentage of work completed . . . . Further, whenever a *subcontractor* receives payment from the *contractor*, the *subcontractor* shall promptly pay such monies received to each *sub-subcontractor* and *supplier* in proportion to the work completed.
> \*\*\*\*
> C. If the *contractor* or *subcontractor* without reasonable cause fails to make any payment to *his subcontractors* and *suppliers* within fourteen consecutive days of the receipt of payment . . . , the *contractor* or *subcontractor* shall pay . . . a penalty . . . .[26]

It is undisputed that Double R & J's only contractual relationship is with Patton.[27] Double R & J was a sub-sub-subcontractor of Hamp's and a sub-subcontractor of Clark.[28] The language of the Louisiana Prompt Pay Act clearly distinguishes payments owed by a contractor to *his* subcontractor from payments owed by a subcontractor to *his*

---

[23] R. Doc. 8-1, p. 7; R. Doc. 9-1, p. 6.
[24] R. Doc. 12, p. 4.
[25] *Id.*, p. 5.
[26] LA. REV. STAT. ANN. 9:2784(A), (C) (emphasis added).
[27] R. Doc. 8-3, p. 2; R. Doc. 9-4, p. 2; R. Doc. 12-2, p. 1.
[28] R. Doc. 8-3, p. 2; R. Doc. 9-2, ¶ 5.

sub-subcontractor. Additionally, Hamp's made timely payment in full to Clark,[29] its subcontractor on Project 1, and Clark has timely made payment in full to Patton,[30] its subcontractor on Project 1 and Project 2. The statutory language of the Louisiana Prompt Pay Act does not provide relief to a sub-subcontractor or a sub-sub-subcontractor directly against a contractor when the contractor has timely paid *its* subcontractor in full. Additionally, Double R & J cites no support for its contention that Hamp's and Clark as contractors are obligated to pay Double R & J when they do not have a contractual relationship or agreement with Double R & J. Because only Patton owes a duty to pay Double R & J, Clark and Hamp's are entitled to judgment as a matter of law. Accordingly, their motions are granted with respect to any claims under the Louisiana Prompt Pay Act against Clark and Hamp's.

### D. Unjust Enrichment Claims

Finally, Defendants Clark, Hartford, and Hamp's seek dismissal of Double R & J's claims against them for unjust enrichment. The requirements for establishing an unjust enrichment claim are: (1) an enrichment; (2) an impoverishment; (3) a connection between the enrichment and the impoverishment; (4) an absence of "justification" or "cause" for the enrichment or impoverishment; and (5) the absence of any remedy at law.[31]

One of the required elements for a successful unjust enrichment claim is that "'there is no other remedy at law, i.e., the action is subsidiary or corrective in nature.'"[32]

---

[29] R. Doc. 9-2, ¶ 8 ("Hamp's timely paid all amounts owed to Clark on Project 1, including all amounts owed for work performed by Double R & J on behalf of other subcontractors.").
[30] R. Doc. 8-2, ¶ 9 ("Clark timely paid all amounts owed to Patton on both Project 1 and Project 2, including all amounts owed for work performed by Double R & J on behalf of Patton.").
[31] *Minyard v. Curtis Products, Inc.*, 205 So.2d 422, 432 (1967).
[32] *Drs. Bethea, Moustoukas & Weaver LLC v. St. Paul Guardian Ins. Co.*, 376 F.3d 399, 407 (5th Cir. 2004) (quoting *Minyard*, 205 So.2d at 432).

The Louisiana Supreme Court has stated that "[t]he unjust enrichment remedy is 'only applicable to fill a gap in the law where no express remedy is provided,'"[33] and "[t]he mere fact that a plaintiff does not successfully pursue another available remedy does not give the plaintiff the right to recover under the theory of unjust enrichment."[34] Additionally, "Louisiana law provides that no unjust enrichment claim shall lie when the claim is based on a relationship that is controlled by an enforceable contract."[35]

In its opposition, Double R & J states it "has alleged its claim for unjust enrichment, in the alternative, in the event this Honorable Court finds that Double R & J does not have a legal remedy to recover the sums due."[36] However, there is no factual dispute that there was a contract between Patton and Double R & J,[37] and there is no indication that the contract is unenforceable. Thus, Double R & J has an adequate remedy available at law because it has, at a minimum, a breach of contract claim against Patton. Regardless of whether Double R & J is ultimately successful on its available claims, Louisiana law bars Double R & J's unjust enrichment claims against Clark, Hartford, and Hamp's because Double R & J has other remedies available. Thus, Clark, Hartford, and Hamp's are entitled to judgment as a matter of law, and the motions for summary judgment are granted with respect to the unjust enrichment claims against them.

## CONCLUSION

**IT IS HEREBY ORDERED** that the Motion for Partial Summary Judgment

---

[33] *Walters v. MedSouth Record Mgmt., LLC*, 38 So.3d 241, 242 (La. 2010) (per curiam) (quoting *Mouton v. State*, 525 So.2d 1136, 1142 (La. App. 1 Cir. 1988)).
[34] *Id. See also JP Mack Indus. LLC v. Mosaic Fertilizer, LLC*, 970 F. Supp. 2d 516, 521–22 (E.D. La. 2013) (Feldman, J.).
[35] *Drs. Bethea*, 376 F.3d at 408.
[36] R. Doc. 12, p. 5.
[37] R. Doc. 8-3, p. 2; R. Doc. 9-4, p. 2; R. Doc. 12-2, p. 1.

filed by Defendants Clark Construction Enterprises, L.L.C. and Hartford Accident and Indemnity Company is **GRANTED**.[38] To the extent Double R & J is asserting claims against these Defendants for open account, breach of contract, violations of the Louisiana Prompt Pay Act, and/or unjust enrichment, the claims are **DISMISSED WITH PREJUDICE**.[39]

**IT IS FURTHER ORDERED** that the Motion for Summary Judgment filed by Defendant Hamp's Construction, L.L.C. is **GRANTED**,[40] and all claims asserted against Hamp's Construction, L.L.C. are **DISMISSED WITH PREJUDICE**. As no claims remain against Hamp's Construction, L.L.C., it is dismissed as a party to this action.[41]

The only claims remaining in this action are Plaintiff's federal Miller Act claim against Defendants Clark Construction Enterprises, L.L.C., Hartford Accident and Indemnity Company, and Patton Installations of Florida, L.L.C. and Plaintiff's state-law open account, breach of contract, Louisiana Prompt Pay Act, and unjust enrichment claims against Patton Installations of Florida, L.L.C.[42]

**New Orleans, Louisiana, this 21st day of May, 2015.**

_____
SUSIE MORGAN
UNITED STATES DISTRICT JUDGE

---

[38] R. Doc. 8.

[39] Double R & J has not made any allegations that Clark or Hartford made a clear expression of intent to be solidarily liable with Patton or that they conspired with Patton to commit an intentional or willful act that would make them solidarily liable for Plaintiff's state-law claims. La. Civ. Code. art 1796; La. Civ. Code art. 2324.

[40] R. Doc. 9.

[41] There is no federal Miller Act claim against Hamp's because Double R & J is a sub-sub-subcontractor. With respect to the state-law claims, Hamp's could be liable only if it is solidarily liable with Patton. Double R & J has not made any allegations that Hamp's made a clear expression of intent to be solidarily liable with Patton or that Hamp's conspired with Patton to commit an intentional or willful act that would make it solidarily liable for Plaintiff's state-law claims. La. Civ. Code. art 1796; La. Civ. Code art. 2324.

[42] Default was entered by the Clerk of Court against Defendant Patton, as provided in Rule 55(a) of the Federal Rules of Civil Procedure, on December 16, 2014. R. Doc. 11.